# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-1687
LT Case No. 2014-CA-000123

———————————————

CARRINGTON MORTGAGE
SERVICES, LLC,

    Appellant,

    v.

MICHAEL TESSENEAR, CARY L.
TESSENEAR, and STEVEN K.
JONAS, as Trustee of the 4785
Oakfield Circle Trust, Dated,
February 28, 2006,

    Appellees.

———————————————

On appeal from the Circuit Court for Hernando County.
Pamela S. Vergara, Judge.

Eric M. Levine, of Atlas | Solomon LLP, Stuart, for Appellant.

Steven K. Jonas, of Law Offices of Steven K. Jonas, P.A., New
Port Richey, for Appellee, Steven K. Jonas, as Trustee of the 4785
Oakfield Circle Trust, Dated, February 28, 2006.

No Appearance for Remaining Appellees.

August 14, 2026

PER CURIAM.

Carrington Mortgage Services, LLC, appeals the trial court's order granting its motion for summary final judgment because, in granting summary judgment, the trial court dismissed as time-barred Carrington's reformation of mortgage claim, concluding the claim was filed beyond the five-year statute of limitations provided by section 95.11(2)(b), Florida Statutes. We reverse and remand for further proceedings.

Carrington, a successor mortgagee, filed its two-count amended complaint seeking foreclosure on the subject Hernando County property and reformation of the description of the property to include a metes and bounds legal description. Appellee Steven Jonas, as trustee, defended against the suit. Pertinent here, he argued Carrington's reformation claim was barred by section 95.11(2)(b)'s five-year statute of limitations. Ultimately, the trial court agreed and dismissed the reformation claim. In this, we conclude the trial court erred.

Unlike an action seeking to enforce the terms of a written instrument, a reformation claim is a long-established equitable action that seeks "to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument." *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987). A court sitting in equity may, when appropriate, reform a legal instrument "to make it express the real agreement and intention of the parties, and as so reformed to enforce the policy in order to do complete justice in the controversy." *Rosenthal v. First Nat'l Fire Ins. Co. of the U.S.*, 77 So. 92, 94 (Fla. 1917). "This principle is applicable to instruments of conveyance of real property as well as to contracts and can be applied to correct an erroneous land description in order to protect a person's rights in real property." *Biancardi*, 507 So. 2d at 1369. "The right to the reformation of an instrument is not absolute, but depends on an equitable showing." *Rosenthal*, 77 So. at 94.

Given the unique nature of the equitable action to reform the written instrument before us, Carrington's reformation claim is not subject to the five-year statute of limitations provided by section 95.11(2)(b). *See Corinthian Invs., Inc. v. Reeder*, 555 So. 2d 871, 875 (Fla. 2d DCA 1989) (concluding that "the equitable

2

doctrine of laches, without statutory modification," governed in the action to reform an agreement for deed). Accordingly, the final judgment is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings consistent with this opinion.

JAY, C.J., and SOUD and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____